# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1559V**
**Filed: July 24, 2026**

CARLA CARTER, *on behalf of her minor child, C.C.*,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Master Horner

*Andrew Donald Downing, Brueckner Spitler Shelts, Scottsdale, AZ, former counsel for petitioner.*
*Courtney Christine Jorgenson, Siri & Glimstad, LLP, Phoenix, AZ, counsel for petitioner.*
*Nathaniel Trager, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 10, 2020, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that her child, C.C., suffered seizures and a stroke caused by her November 20, 2017 hepatitis B vaccination. (ECF No. 1.) On December 24, 2024, petitioner filed a motion seeking an award of interim attorneys' fees and costs totaling $44,988.75, including $36,306.50 for attorneys' fees and $8,682.25 in attorneys' costs.[2] (ECF No. 73.) On February 25, 2026, petitioner filed a second motion for an award of interim attorneys'

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Mr. Downing changed firms during his time as counsel of record. Accordingly, the fees and costs can be further broken down as follows: The firm of Downing, Allison, and Jorgenson billed $21,791.00 in attorneys' fees and incurred costs of $7,961.72. (ECF No. 73-1, pp. 14-15.) The firm of Van Cott & Talamante, PLLC, billed $14,515.50 in attorneys' fees and $720.53 in costs. (*Id.* at 66-67.)

fees and costs totaling $49,259.70, including $48,811.40 for attorneys' fees and $448.30 for attorneys' costs. (ECF No. 99; *see also* ECF No. 100.) For the reasons discussed below, petitioner's first motion at ECF No. 73 is **GRANTED** and interim attorneys' fees and costs are awarded in the reduced amount of $44,811.75. However, her second motion at ECF No. 99 is **DENIED**.

## I. Procedural History

Petitioner was initially represented by Mr. Downing. She filed her Statement of Completion in May of 2022. (ECF No. 31.) Respondent filed his Rule 4(c) Report recommending against compensation in June of 2023 (ECF No. 52), and the parties exchanged expert reports through the end of 2024 (ECF Nos. 58, 62; Exs. 16, 19, A, C). However, on December 24, 2024, petitioner filed her first motion for an award of interim attorneys' fees and costs, explaining that Mr. Downing was withdrawing to pursue other opportunities.[3] (ECF No. 73.) Ultimately, Ms. Jorgenson became counsel of record in January of 2025. (ECF No. 78.) After Ms. Jorgenson became counsel of record, the case proceeded to a fact hearing and a motion for a ruling on the written record, which is fully briefed as of November 2025. (ECF Nos. 85, 94-95, 98.) Petitioner then filed a second motion for an award of interim attorneys' fees and costs in February of 2026. (ECF No. 99.)

Respondent opposes both motions. He argues that this case lacks a reasonable basis. (ECF Nos. 81, 101.) Respondent argues that C.C.'s medical records place her stroke as occurring during the prenatal or perinatal period, prior to the vaccination at issue. (ECF No. 81, p. 8.) He contends that petitioner's expert reports do not overcome this issue because they are contradicted by both the medical records and medical literature. (*Id.* at 8-9.) Respondent also argues that "[a]t a day-long hearing, petitioner failed to produce any objective evidence, medical records, or scientific opinion supporting her allegation that C.C. suffered an injury on or after the date of vaccination." (ECF No. 101, p. 2.)

## II. Appropriateness of Awarding Attorneys' Fees and Costs on an Interim Basis

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

[3] Mr. Downing's current affiliation is Brueckner Spilter Shelts as indicated on the case docket based on Mr. Downing's CM/ECF account. However, at the time petitioner filed her first motion for an award of interim attorneys' fees and costs, his firm was Downing, Allison & Jorgenson. Accordingly, the caption above lists Mr. Downing's current affiliation while the award below lists the firms that incurred the attorneys' fees and costs awarded.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act, although there is no presumption of entitlement to such fees. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352; *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011). In *Avera*, the Federal Circuit explained that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In denying an interim fee award, the *Avera* court reasoned that "[t]he amount of the fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id*. In *Shaw*, the Federal Circuit clarified that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so. *Compare Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), *with McKellar*, 101 Fed. Cl. at 302. However, multiple motions for interim fees are disfavored. *See, e.g.*, *Patel v. Sec'y of Health & Human Servs.*, No. 16-848V, 2019 WL 2296818, at *2 n.3 (Fed. Cl. Spec. Mstr. Apr. 11, 2019) (one special master noting "it is not my practice to allow multiple interim awards of fees and costs . . . and [petitioner] should therefore refrain from requesting another interim award again until the case fully concludes"); *see also Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2019 WL 5709372, at *2 (Fed. Cl. Spec. Mstr. Oct. 11, 2019) (the undersigned granting a second interim fee award where the Court of Federal Claims entertained a stay of respondent's motion for review).

Here, given the length of time this case has been pending, Mr. Downing's withdrawal from the case, and the amount of costs prior counsel has carried, I exercise my discretion to grant petitioner's first motion for an award of interim fees. However, given the lack of significant costs being borne by current counsel, the fact that the case was already ripe for resolution of entitlement by the time the second motion was filed, and in light of multiple interim awards being disfavored, I exercise my discretion to deny the second motion for an award of interim attorneys' fees and costs. Petitioner may incorporate this request into a motion for an award of final attorneys' fees and cost.

## III. Reasonable Basis

Even having concluded that an interim award is appropriate, attorneys' fees and costs can only be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." § 300aa-15(e)(1); *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1360-61 (Fed. Cir. 2012), *aff'd sub nom.*, *Sebelius v. Cloer*, 569 U.S. 369 (2013). "Good faith" and "reasonable basis" are two distinct requirements under the Vaccine Act. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017). Good faith is a subjective inquiry while reasonable basis is an objective inquiry that does not factor subjective views into consideration. *See James-Cornelius*

*ex rel. E.J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021). In this case, good faith is not challenged.

Determining whether there was a reasonable basis for the filing of a petition involves examining the *prima facie* petition requirements of section 300aa-11(c)(1) of the Vaccine Act. *Cottingham ex rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020). Specifically, the petition must be accompanied by an affidavit and supporting documentation showing that the vaccinee:

> (1) received a vaccine listed on the Vaccine Injury Table;
>
> (2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;
>
> (3) sustained (or had significantly aggravated) an injury as set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;
>
> (4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and
>
> (5) has not previously collected an award or settlement of a civil action for damages for the same injury.

§ 300aa-11(c)(1). In this case, only the adequacy of petitioners' petition with respect to point (3) is contested.

The evidentiary standard for establishing a reasonable basis as a prerequisite to an award of attorneys' fees and costs is lower than the evidentiary standard for being awarded compensation under the Vaccine Act. *Cottingham*, 971 F.3d at 1346. To establish a reasonable basis for attorneys' fees, petitioners need not prove a likelihood of success. *See Woods v. Sec'y of Health & Human Servs.*, No. 10-377V, 2012 WL 4010485, at *5, 6 (Fed. Cl. Spec. Mstr. Aug. 23, 2012). Instead, the special master evaluates whether objective evidence, while amounting to less than a preponderance of evidence, constitutes "more than a mere scintilla" of evidence of the required showing. *Cottingham*, 971 F.3d at 1344, 1346.

Determining what constitutes "more than a mere scintilla" of evidence has been acknowledged to be a "daunting task." *Cottingham v. Sec'y of Health & Human Servs*., 154 Fed. Cl. 790, 795 (2021). The required showing has been characterized as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Id*. (quoting *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 n.3 (4th Cir. 2021)). A special master may look at the totality of the circumstances; however, no specific evidentiary framework is required. *Sheller v. Sec'y of Health & Human Servs*., 121 F.4th 1301, 1306 (Fed. Cir. 2024); *see also Cottingham*, 971 F.3d at 1344, 1346; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). "More than a mere scintilla" of objective evidence supporting causation can be derived from medical records that provide "only circumstantial evidence of causation."

*James-Cornelius*, 984 F.3d at 1379-80 (quoting *Cottingham*, 971 F.3d at 1346); *see also Cottingham*, 971 F.3d at 1346 (finding that petitioner's medical records showed, at minimum, circumstantial evidence of causation where petitioner's medical records showed that petitioner received the Gardasil vaccine and subsequently experienced symptoms that were identified in the Gardasil package insert as potential adverse reactions of the vaccine).

I am not persuaded by respondent's arguments with respect to reasonable basis. In particular, respondent's argument that the fact hearing in this case did not elicit any objective evidence that could support a reasonable basis (ECF No. 101, p. 2) is contrary to Federal Circuit precedent. *James-Cornelius*, 984 F.3d at 1380 (stating that "we reject the Special Master's broad pronouncement that petitioners' affidavits are categorically 'not "objective" for purposes of evaluating reasonable basis.'"). Without suggesting that petitioner's testimony will carry her burden of proof, her testimony included direct observations of C.C.'s condition before and after vaccination and she authenticated contemporaneous photographs as part of that discussion. Thus, petitioner provided testimony going beyond her own subjective belief, consistent with what the Federal Circuit has concluded can be examined as part of the reasonable basis inquiry. Petitioner's testimony, coupled with her expert's opinion, are sufficient to meet the standard for reasonable basis. "More than a mere scintilla of evidence" is a very low evidentiary burden and petitioner is not obligated to present medical records including an express medical opinion in order to reach this low threshold. *See James-Cornelius*, 984 F.3d at 1380.

On the whole, respondent's arguments speak more to respondent's ultimate interpretation of the record evidence than to whether there is "more than a mere scintilla of evidence" supporting the specific allegations underlying the petition. Even if petitioner does not prevail, she has filed an expert opinion by Dr. Spillers seeking to support her interpretation of the facts. Of course, the fact that an expert report was filed does not automatically establish a reasonable basis. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). But in this case, without suggesting that Dr. Spillers' opinion will ultimately carry petitioner's burden of proof, it is sufficient to support a finding that the petition was initially brought with a reasonable basis. Respondent may ultimately succeed in arguing that his own expert's contrary opinion is more persuasive. However, the reasonable basis analysis does not turn on a petitioner's likelihood of success. *E.g.*, *Moon v. Sec'y of Health & Human Servs.,* No. 21-0632V, 2025 WL 763753, at * 2 (Fed. Cl. Spec. Mstr. Feb. 4, 2025).

In reaching this conclusion I am mindful of the guidance from the Federal Circuit that when assessing the reasonable basis for a petition, special masters are encouraged to keep in mind "the Vaccine Act's remedial objective of maintaining petitioners' access to willing and qualified legal assistance." *Sheller*, 121 F.4th at 1308-09.

## IV. Reasonableness of the Requested Award

### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id*. at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

A reasonable hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-21 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and later years can be accessed online.[4]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484-86 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770, at *5 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing the overall fee award by 10% due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323, at *16-18 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing the overall fee award for Domengeaux Wright and the Andry Law Group by 20% and 40%, respectively, due to excessive and duplicative billing), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 209 (2009).

[4] Each of the Fee Schedules can be accessed https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017 and later are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

Here, the rates requested by Mr. Downing and his colleagues are reasonable and consistent with what they have previously been awarded. *E.g.*, *Dosser v. Sec'y of Health & Human Servs.*, No. 21-1538V, 2025 WL 2028778 (Fed. Cl. Spec. Mstr. June 25, 2025); *Cracraft v. Sec'y of Health & Human Servs*., No. 20-562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024). Additionally, I find the hours billed to have been reasonable. However, when Mr. Downing transitioned from Van Cott & Talamante to Downing, Allison, and Jorgenson, he attempted a mid-year rate increase during 2022, which is disfavored. *E.g.*, *West v. Sec'y of Health & Human Servs*., No. 21-1515V, 2025 WL 3903742, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 16, 2025). Applying the established 2022 rates for Mr. Downing, Ms. Jorgenson, and their paralegals to the entirety of 2022 results in a reduction of $177.00.

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Upon my review, the requested costs are reasonable and adequately documented. Dr. Spillers, a neurologist, billed a total of $7,497.00 at a rate of $500 per hour to produce two reports, which I find to be reasonable.

## V. Conclusion

In light of the above, petitioner's first motion for award of interim attorneys' fees and costs at ECF No. 73 is hereby **GRANTED** with reductions**.** Petitioner's second motion for an award of interim attorneys' fees and costs at ECF No. 99 is hereby **DENIED**.

Accordingly, petitioner is awarded a **lump sum of $44,811.75, representing interim attorneys' fees and costs incurred by the firm Downing, Allison, and Jorgenson, including $21,614.00 in attorneys' fees and $7,961.72 for attorneys' costs, and interim attorneys' fees and costs incurred by Van Cott & Talamante, PLLC, including $14,515.50 in attorneys' fees and $720.53 for attorneys' costs, to be paid through an ACH deposit to petitioner's former counsel of record, Andew Donald Downing's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master